**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto RODRIGUEZ–LOPEZ,**
**Defendant–Appellant.**

**No. 05–41187.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public

Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Roberto Rodriguez–Lopez (Rodriguez) appeals his guilty-plea conviction and sentence for being unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony. He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Rodriguez contends that § 1326(b) must be severed from the remainder of the statute and his conviction reduced to one under § 1326(a). The Government argues that the waiver provisions in Rodriguez's plea agreement preclude his attack on the constitutionality of § 1326(b) and that he lacks standing to challenge the constitutionality of § 1326(b). We assume, *arguendo* only, that the waiver does not bar the instant appeal.

However, Rodriguez cannot succeed in this appeal because his constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rodriguez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly re-

jected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rodriguez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.